UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIGDE OIL LTD., | : |
| Plaintiff, | : REPORT AND RECOMMENDATION |
| - against - | : |
| | : 06 Civ. 14226 (RLC) (RLE) |
| EMERALD REEFER LINES, LLC, et al., | : |
| Defendants. | : |

**To the HONORABLE ROBERT L. CARTER, U.S.D.J.:**

## I. INTRODUCTION

This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff, Bridge Oil LTD, initiated this action against Defendants, Emerald Reefer Lines, LLC ("Emerald LLC") and Emerald Reefer Lines, LTD ("Emerald LTD") (together, "Defendants"), on December 7, 2006. On December 13, 2006, District Judge Robert L. Carter directed the Clerk to issue process of maritime attachment and garnishment ("PMAG") against all tangible and intangible property belonging to, claimed by, or being held for Defendants by any garnishees within the District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims for the Federal Rules of Civil Procedure.[1] Garnishee, Standard Chartered Bank, restrained and sequestered an electronic funds transfer in the amount of $35,818.88 originated in the name of Emerald LTD. (Aff. in Supp. of Application for Default J. and Release of Attached Funds ("Lambert Aff."), Ex. C.) On December 12, 2006, Bridge Oil gave notice of the attachment to Defendants. (Lambert Aff., Ex.

---

[1]This Order amended the initial order directing the clerk to issue a maritime attachment on December 7, 2006.

D.) The summons and complaint were served on Defendants' counsel in Seattle, Washington, on April 5, 2007. (Lambert Aff., Ex. E.) Defendants did not answer. Plaintiff petitioned for a default judgment on February 29, 2008, seeking to recover the $35,818.88 restrained by Standard Chartered Bank, without prejudice to its rights to seek to recover the difference between that amount and a March 1, 2007, default judgment obtained in London, England, in the amount of $2,155,517.17 plus costs to be assessed ("London judgment"). On March 5, 2008, the matter was referred to the undersigned for inquest. Defendants did not appear at a conference on April 1, 2008, and Plaintiffs made an application for a default judgment. On April 9, 2008, the Court ordered Defendants to respond to Plaintiff's application by May 9, 2008. Defendants failed to respond.

For the reasons discussed below, the Court recommends that Bridge Oil's application for default judgment be **GRANTED,** and that $35,818.88 presently held by Standard Chartered Bank be released from attachment in satisfaction of this judgment.

## II. BACKGROUND

In July and September 2006, Bridge Oil and Defendants entered into maritime contracts requiring Bridge Oil to supply marine fuel bunkers to oceangoing vessels operated by Defendants. (Am. Compl. ¶ 7.) Defendants breached the contract by failing to pay amounts due Plaintiff. *Id.* ¶ 9. Plaintiff sustained damages in the principal amount of $2,081,590.28. *Id.* Under the contracts, Defendants were to also pay interest at eighteen percent per annum with respect to late payments, *id.* at ¶ 12, and could be liable for legal fees and litigation costs, *id.* at ¶ 13. In May 2007, at a deposition taken in connection with another action, Defendants' President, Neal Gordon, testified that Defendants were out of business and insolvent. (Lambert Aff. ¶ 11.)

Neither Defendants nor their assets could be found within this District within the meaning of Rule B, except for the electronic funds transfer of $35,818.88. While these monies are subject to an order of attachment issued in *Far Eastern Shipping Co. PLC v. Emerald Reefer Lines Ltd.*, No. 06 Civ. 14232 (AKH), the attorney for Plaintiff in that action, Kevin J. Lennon, consented to the entry of default judgment in this action and release of the attached funds to Bridge Oil's attorney. (Lambert Aff. ¶ 14.)

### III. DISCUSSION

**A. Default Judgment Standard**

The law disfavors default judgments; any doubts should be resolved in favor of setting aside a default so that a determination may be made on the merits of the case. *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). The preference for adjudicating on the merits, however, "is counterbalanced by considerations of social goals, justice, and expediency." *Leon B. Rosenblatt Textiles, Ltd. v. Griesto*, No. 96 Civ. 2925 (JSM), 1999 U.S. Dist. LEXIS 14519, at *6 (S.D.N.Y. Sept. 22, 1999) (*quoting Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)). Accordingly, a default judgment is "available only when the adversary process has been halted because of an essentially unresponsive party." *Dae Woo Kim v. New York*, No. 90 Civ. 1487 (KMW), 1990 U.S. Dist. LEXIS 7137, at *5 (S.D.N.Y. June 11, 1990) (*quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1969) (*per curiam*)).

A court may enter a judgment of default pursuant to Rule 55(b)(2) upon the presentation of an application for the entry of judgment, notice of which must be sent to any defaulting party so that it has an opportunity to show cause to the court why a default should not be entered. The

grounds for a default judgment are established here as Defendants have failed to answer the complaint. Three additional factors are to be considered: "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02 Civ. 9044 (LTS) (GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). Since Defendants have been entirely unresponsive, their continued failure is willful. Moreover, since Defendants have not filed an answer, there is no evidence of any defense. *Id.* Finally, denying this motion would be prejudicial to Plaintiff, as there are no additional steps available to secure relief in this Court. *See id.* at *3. Therefore, all three factors are met, and a default judgment is warranted.

**B. Plaintiff's Damages**

In an action for breach of a maritime contract, the Court should ascertain damages "according to the liberal principles of interpretation usually applied to commercial contracts." *Benson v. Atwood*, 13 Md. 20, 21 (1859); *see also Watts v. Camors*, 115 U.S. 353 (1885). A defendant is liable for any loss that the plaintiff incurred as a result of the defendant's breach of contract. *See* RESTATEMENT (SECOND) OF CONTRACTS § 344 (2004).

Bridge Oil has submitted a memorandum and a sworn affidavit as evidence of the damages it has sustained. Since this Court has no *in personam* jurisdiction over Defendants, the judgment is limited to "the extent of property subject to process of maritime attachment." *East Asiatic Co. v. Indomar Ltd.*, 422 F. Supp. 1335, 1341 (S.D.N.Y. 1976). A recent Court of Appeals ruling has affirmed that funds resulting from electronic funds transfers may be subject to a Rule B maritime attachment while "in the hands of an intermediary bank" as property of the

4

originator. *See Consub Delaware LLC v. Schahin Engenharia Limitada*, -- F.3d --, 2008 WL 4304568, at *4-7 (2d Cir. 2008). Accordingly, Plaintiff's application for judgment in the amount of $35,818.88 should be **GRANTED.** Plaintiff remains free to pursue its *in personam* remedies for the difference between the amount of the London judgment and the amount of the attachment elsewhere.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Bridge Oil's motion for a default judgment be **GRANTED**, and that Plaintiff be awarded $35,818.88.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the Parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Robert L. Carter, 500 Pearl Street, Room 2020, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: October 24, 2008**
**New York, New York**

                                                 **Respectfully Submitted,**

                                                 **The Honorable Ronald L. Ellis**
                                                 **United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Bridge Oil Ltd.
LeRoy Lambert
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

Emerald Reefer Lines, LLC & Emerald Reefer Lines Ltd.
John Rizzardi
Cairncross & Hempelmann, P.S.
524 Second Ave., Ste. 500
Seattle, WA 98104-2323